UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS CASTRO | CIVIL ACTION |
| VERSUS | NO. 17-2117 |
| UNITED STATES OF AMERICA, ET AL. | SECTION: "I"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Louis Castro, a federal prisoner, filed the instant *pro se* and *in forma pauperis*[1] complaint ostensibly pursuant to 42 U.S.C. § 1983.[2] However, his complaint is incomprehensible to the point that the undersigned United States Magistrate Judge cannot ascertain with certainty the intended defendants, much less the nature of plaintiff's underlying claims. For the following reasons, it is therefore recommended that the complaint be dismissed.

---

[1] Plaintiff has a history of filing lawsuits dismissed as unintelligible and abusive. Castro v. Lappin, Case No. 5:09-cv-504 (M.D. Fla. Nov. 30, 2009); Castro v. Warden, FCC Coleman USP-I, Case No. 5:08-cv-132 (M.D. Fla. Apr. 11, 2008). Nevertheless, it does not appear that he has yet accumulated "three strikes" so as to be barred from proceeding as a pauper pursuant to 28 U.S.C. § 1915(g).

[2] See Rec. Doc. 1, p. 1. Plaintiff's claims, whatever they may be, do not appear to be actionable under § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Therefore, the United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted). Plaintiff appears to be asserting claims against *federal* entities or persons, not persons acting under color of *state* law.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … fails to state a claim upon which relief may be granted …." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Further, in Iqbal, the Supreme Court also reiterated:

2

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Id. (citations, quotation marks, and brackets omitted). A complaint which violates Rule 8 may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965); see also Shorts v. Allen, Civ. Action No. 09-6793, 2009 WL 4110374, at *2 (E.D. La. Nov. 24, 2009); Young v. Marriott Corp., Civ. Action No. 92-3318, 1992 WL 329531 (E.D. La. Oct. 29, 1992); Dandridge v. United States Department of Justice, Civ. Action No. 92-3209, 1992 WL 314980 (E.D. La. Oct. 19, 1992); Lowery v. Hauk, 422 F. Supp. 490, 491-92 (C.D. Cal. 1976). "The test of the adequacy of the pleadings is whether the adversary has sufficient notice of the pleader's claim so that he can prepare his responsive pleadings or prepare for trial. It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal." Harris v. Angliker, Nos. 91-7118, 91-720, and 91-7620, 1992 WL 21375 (4th Cir. Feb. 10, 1992) (citation omitted).

Even broadly construing the rambling complaint,[3] the Court finds that plaintiff has failed to state a claim on which relief may be granted or to comply with the most rudimentary pleading requirements. Even if the intended defendants could be accurately ascertained, they could not reasonably be expected to respond to such a pleading.

---

[3] The court must liberally construe a *pro se* complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of March, 2017.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**